IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| FERNANDO BUNCH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: |
| DEERE & COMPANY, | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT AND JURY DEMAND**

NOW COMES, plaintiff, Fernando Bunch by and through his attorney Stephen T. Fieweger, P.C. and for his complaint against the defendant Deere & Company and for his complaint at law and in support of his complaint hereby states as follows:

1. That Fernando Bunch is a resident of Bettendorf, Iowa.

2. That Deere & Company is a corporation doing business in Rock Island County, Illinois.

3. That this court has subject matter jurisdiction over this cause of action pursuant to 28 USC §1331, 42 USC §12101.

4. That Fernando was hired by Deere & Company as a wage employee in January 2022.

5. That under the Collective Bargaining Union between Deere & Company and United Auto Workers a new hire is subject to a seven month probationary period. Under Article 16 Section 3 of the Collective Bargaining Agreement Fernando was entitled to be placed on the seniority list for welders once he completed his probationary period.  At the time in which he

completed his probationary period in August 2022 Fernando was working as a welder. Fernando continued to work as a welder until October 2022.

6.     That Fernando is a person with a disability in that he has brachial plexus of his left arm which prevents him from being able to lift overhead and restricts his left arm to lifting not more than 37.5 pounds. Despite the lifting and overhead lifting restrictions Fernando was able to perform the essential job functions of a welder without a need for any accommodation.

7.     That in October 2022 defendant Deere moved Fernando from his welding position to a production line position. Due to his lifting restrictions Fernando was unable to perform the job on the production line.

8.     That instead of accommodating Fernando by placing him back in a welders position which he was able to perform without accommodation Deere & Company discriminated against Fernando by forcing him into going on paid leave in November 2022 and refused to meet with Fernando during 2023 when he requested reasonable accommodation meetings repeatedly.

9.     That by September 2023 Fernando's weightlifting restriction was raised to 37.5 pounds and Fernando notified Deere of that fact. Deere continued to discriminate due to his disability by refusing to call him back to work in October 2023. In October 2023 a supervisor in department 955 called Fernando in to report to work. Later that same supervisor called Fernando back and told him not to report to work.

10.    That Deere & Company met with Fernando on January 12, 2024 to discuss a reasonable accommodation but offered Fernando no position at that time. This was the first time that Deere had responded to Fernando's request for a reasonable accommodation meeting that he repeatedly made from November 2022 through 2023.

11. At the January 12, 2024 meeting Fernando informed Deere representatives that he was able to perform his past relevant work as a welder without accommodation.

12. That on February 23, 2024 Fernando and a UAW Union Representative met with Deere & Company to discuss a reasonable accommodation. At that meeting a JBS assembly position was discussed as a reasonable accommodation for Fernando to return to work. The lifting requirements for the job met Fernando's lifting restrictions since he is able to lift 37.5 pounds from the floor to waist level and 7.5 pounds from the waist to shoulder level and the assembly position did not require lifting much weight than that. Despite being qualified for the job Deere & Company continued to discriminate against Fernando by not offering him the position on February 23, 2024 or thereafter.

13. That Deere & Company continued to discriminate against Fernando by terminating him on May 28, 2024.

14. That Fernando has timely filed his charges of disability discrimination with the EEOC and has received has right to sue letters. **Exhibit 1**, a true and correct copy of the right to sue letter is attached hereto and made a part of the complaint. **Exhibit 2**, a true and correct copy of the second right to sue letter is attached hereto and made a part of this complaint. Plaintiff has thereby exhausted his administrative remedies prior to the filing of this cause of action.

15. That as a direct and proximate result of the defendant Deere & Company's acts of disability discrimination plaintiff has sustained damages equal to his lost back pay and benefits and is entitled to reinstatement to his former position as a welder or in the alternative is entitled to recover front pay, he is entitled to recover compensatory damages to recover for the severe

emotional distress due to the acts of discrimination he has sustained and he is entitled to recover his attorney's fees and expert fees and the costs of this action.

16. That the defendant Deere & Company's actions of violating the Collective Bargaining Agreement by removing plaintiff from his welders position despite Fernando having completed his probationary period, by forcing Fernando onto disability benefits, by refusing to meet with him in 2022 and 2023 for a reasonable accommodation meeting, by failing to make him an offer of a position on January 12, 2024 by failing to place him in the JBS assembly position on February 23, 2024 and by terminating him on May 28, 2024 were acts of willful discrimination on the basis of disability thereby entitling Fernando to recover punitive or exemplary damages against the defendant Deere & Company.

WHEREFORE, plaintiff Fernando Bunch hereby requests this court enter a judgment in his favor and against the defendant Deere & Company which awards him his back pay, which places him in a position with Deere & Company which he is qualified and able to perform or in lieu thereof award him front pay, award him punitive damages and allow him to recover his reasonable attorney's fees, expert fees and the costs of this action.

**PLAINTIFF REQUESTS A TRIAL BY JURY**

                                      Fernando, Plaintiff

                                      /s/Stephen T. Fieweger

Stephen T. Fieweger
5157 Utica Ridge Road
Davenport, IA 52807
Phone:  563.424.1982
Fax:  563.424.1983
Email:  sfieweger@fiewegerlaw.com